BERMAN O'CONNOR MANN & SHKLOV
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-2778
Facsimile (671) 477-4366

Attorneys for Plaintiffs:
*GEORGE S. HARTMAN, ET AL.*

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GEORGE S. HARTMAN, ET AL., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CIVIL CASE NO. CIV03-00041 <br><br> **PLAINTIFFS' TRIAL BRIEF** |

### I. INTRODUCTION

This is a routine traffic accident case, where it appears the only seriously contested issue is damages. Pursuant to D. Guam LR 16.7(b), plaintiffs George and Linda Hartman submit the following Trial Brief.

### II. FACTUAL CONTENTIONS

Plaintiffs George and Linda Hartman expect to prove the following facts at trial.

The Hartmans are citizens of the State of Chuuk in the Federated States of Micronesia. They reside in Chuuk, but were temporarily residing on Guam at the time of the accident giving rise to this action. On April 22, 2001, George Hartman was operating a 1998 Toyota Sienna in a southerly direction on Central Avenue in Tiyan, Guam, in the vicinity of the intersection of Central Avenue and Route 8 where Central Avenue ends at a stop sign at the intersection. Linda Hartman, the owner of the Sienna, was a passenger in the Sienna. George Hartman brought the Sienna to a stop.

E:\Kuuipo\plds\sf\hartman.trialbrief.wpd

At the same time and place, Edward Bayron, an employee of defendant United States, was operating a 1990 Dodge Ram owned by defendant and was proceeding in a southerly direction on Central Avenue behind the Sienna. Mr. Bayron was acting withing the course and scope of his employment with defendant. Defendant Bayron negligently caused the Ram to collide with the Sienna. In addition to damage to the Sienna, both Mr. and Mrs. Hartman sustained injuries requiring medical care. The medical care has consisted primarily of chiropractic care and traditional Chuukese massage therapy.

### III. LEGAL BRIEF

#### A. Issues of law

Although the United States has not formally conceded liability, since this case involves a rear-end collision it would appear that damages may be the only seriously contested issue. This issue may be largely fact intensive. Plaintiffs suspect that defendants may contest there medical and travel expenses. A personal injury plaintiff may recover damages for chiropractic treatment and massage therapy. *See, e.g.*, Langnehs v. Parmelee, 427 S.W. 2d 223, 225 (Ky. 1967) (recovery for chiropractic treatment); Kessler v. Southmark Corp., 643 So. 2d 345, 350 (La. App. 1994) (damages for future massage therapy); Druilhet v. Trinity Universal Ins. Co., 361 So. 2d 40, 41-42 (La. App. 1978) (recovery for chiropractic treatment). A personal injury plaintiff may also recover reasonable travel expenses that are necessary in order to obtain medical care. *See, e.g.*, Alabama City, G. & A. Ry. Co. v. Appleton, 171 Ala. 324, 54 So. 638, 639 (1911); Kerr v. Rollins, 128 Vt. 507, 266 A. 2d 804, 808 (Vt. 1970).

#### B. Evidentiary issues

Plaintiffs had returned to Chuuk by the time they retained their current counsel. Due to communications difficulties, it appears that plaintiffs' current counsel did not have full medical records at the respective times of submission of the government claim, the filing of the complaint, and initial disclosures.

E:\Kuuipo\plds\sf\hartman.trialbrief.wpd

Contact has been reestablished. Plaintiffs' counsel is currently engaged in continuing efforts to obtain complete medical records. While these will be disclosed promptly to defendant once they are obtained, there may be objections related to timeliness. While this evidence pertains to medical care providers who will be called as fact witnesses, rather than as expert witnesses, plaintiffs respectfully suggest that the situation is similar to that addressed by the Guam Supreme Court in B.M. Co. v. Avery, 2001 Guam 27, ¶ 29, 2001 WL 1658197, *8, where the court found it was error to exclude the testimony of a belatedly-identified expert witness.

### IV. ATTORNEY'S FEES

There is no claim for attorney's fees.

### V. ABANDONMENT OF ISSUES

No issues have been abandoned.

### VI. CONCLUSION

For the foregoing reasons, plaintiffs request that judgment be entered in their favor for damages according to proof.

Dated this 26 day of October, 2004.

Respectfully submitted,

**BERMAN O'CONNOR MANN & SHKLOV**
Attorneys for Plaintiffs

BY: _Seth Forman_ (signature)
**SETH FORMAN**

E:\Kuuipo\plds\sf\hartman.trialbrief.wpd