ORIGINAL

1  LEONARDO M. RAPADAS
   United States Attorney
2  MIKEL W. SCHWAB
   Assistant U.S. Attorney
3  Sirena Plaza, Suite 500
   108 Hernan Cortez Avenue
4  Hagatna, Guam 96910
   TEL: (671) 472-7332
5  FAX: (671) 472-7215



6  Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF GUAM

| | | |
|---|---|---|
| GEORGE S. HARTMAN, et al., | ) | CIVIL CASE NO. 03-00041 |
| Plaintiff, | ) | |
| vs. | ) | |
| UNITED STATES OF AMERICA, | ) | **TRIAL BRIEF OF THE UNITED STATES (D.Guam LR 15.7(b))** |
| Defendant. | ) | |

## I. INTRODUCTION

This would appear to be a routine traffic accident case, normally resolved well before trial, except for one crucial flaw which explains the extreme difficulties the United States has had in trying to prepare the case and which may mean that the case has no jurisdiction in this court.

## II. FACTS AND JURISDICTION

The case arises out of an accident that occurred on a Sunday, April 22, 2001, in the afternoon, when a vehicle driven by a federal government employee 'unsafely started' from a stop. The driver, in a uniform of the Immigration and Naturalization Service (INS) was stopped and in line to join traffic. He thought the vehicle in front of his had moved into traffic. When he began to move forward he realized his vehicle was stuck in

place because the vehicle in front had not moved into traffic and his vehicle was against the other, causing some damage to both vehicles. He was cited for an unsafe start. *See* Claim for Damage, Injury or Death, form 95-108.

Ordinarily, such an accident and claim would automatically result in a litigation report being generated by the government agency involved. If no settlement occurs at the agency level, this report is forwarded to the United States Attorney's Office. This report becomes the basic guide from the client agency to the government attorneys in the United States Attorney's Office .

No such report has been located to date. The driver was an employee of the INS (now Homeland Security), dressed in uniform and clearly identified in the accident report. The Plaintiffs, unfortunately, chose to file an administrative claim just prior to the statute of limitations deadline with the United States Navy, which owned the vehicle.

The confusing lines of responsibility between the United States Navy and the INS and the newly formed Department of Homeland Security (DHS) have caused difficulties for the United States in this case. Most importantly, however, attempts to clear up those difficulties have revealed that no claim was filed with the INS or the DHS within the statute of limitations, 28 U.S.C. 2401(b). If that is, in fact, the case, there is no jurisdiction for this case to go forward.

Plaintiff's former counsel was, apparently, informed of the jurisdictional defect by letter from the United States Navy by letter of September 19, 2003 (attached).

Should the Plaintiff show that there is jurisdiction in this Court, this would be a routine traffic accident case in which the United States would focus only on the appropriate damages to be awarded to the Plaintiff. There is no contention that the accident did not occur or that the driver was not responsible. Only the severity of the damage to the vehicle and the extent of physical injuries will need to proven.

III. **LEGAL BRIEF**

  A. **Issues of law**

Jurisdiction is at issue in this case. A civil action may not be brought against the

United States under the Federal Tort Claims Act unless the claimant has first presented a claim to the appropriate federal agency and the claim has been finally denied. 28 U.S.C. § 2675(a). The "appropriate" federal agency for purposes of this requirement is the agency whose activities give rise to the claim. 28 C.F.R. § 14.2(b)(1). A claim is not properly presented if it is filed with the wrong agency. <u>Konizeski v. Livermore Labs</u>, 485 U.S. 905 (1988) (administrative claim regarding medical malpractice by medical facility operated by Department of Defense was filed with Department of Energy; claim was not effective since DOD was appropriated agency and did not receive notice of claim). The regulation specifies that "(a) claim shall be presented as required by <u>28 U.S.C. 2401(b)</u> as of the date it is received by the appropriate agency."

There is an obligation for the agency to make efforts to transfer the claim to the appropriate agency. In this case the claim was made to the wrong agency on the eve of the statute of limitations. A timely review was made and it was found that the statute of limitations had run. Pursuant to 28 C.F.R. § 14.2 (b)(1), the claim was returned to the claimant. The regulation states that, "(i)f transfer is not feasible the claim shall be returned to the claimant."

The jurisdictional defect causes significant problems for the United States on two levels: Plaintiff's failure to file against the INS or the DHS has resulted in the attorneys for the United States not having definitive litigation directions from the client agency; and, the failure to file within the two year statute of limitations creates a jurisdictional barrier.

**B.** <u>Evidentiary Issues</u>

The United States understands Plaintiff's difficulties in obtaining complete medical records and will accommodate diligent efforts that result in further records.

The United States notes that the damages that may be recovered are limited to t amount sought in the administrative claim. The Plaintiff has the burden of proving th existence of intervening facts or newly discovered evidence justifying an award in ex of the administrative claim.

The United States believes that the accident was minor and that injuries to persons are minimal.

**IV. ATTORNEY'S FEES**

There are no attorney fees claims.

**V. ABANDONMENT OF ISSUES**

The fact of the auto accident is not contested. That a federal employee on government business was the responsible driver is not at issue. The extent of damages and their causation, is at issue and is not waived.

**VI. CONCLUSION**

The United States believes that jurisdiction is at issue. The United States would ask that the Court allow both sides to brief the issue. The United States is willing to work with Plaintiff if there are further facts not known to the United States that would clarify the jurisdiction issue.

Liability for the auto accident is not at issue.

But for the issue of jurisdiction, the United States believes the case would be a candidate for settlement or a focus on only the extent of damages at trial.

For the foregoing reasons, the United States requests that judgment be entered in their favor for lack of jurisdiction.

Submitted this 8th day of November, 2004.

LEONARD M. RAPADAS
United States Attorney
Districts of Guam and NMI

BY: _____
MIKEL W. SCHWAB
Assistant U.S. Attorney



**DEPARTMENT OF THE NAVY**
NAVAL LEGAL SERVICE OFFICE SOUTHWEST
3085 DOLPHIN ALLEY, BUILDING 265
SAN DIEGO, CALIFORNIA 92136-5187

RECEIVED
SEP 2 9 2003
BERMAN O'CONNOR MANN & SHKLOV

5890
Ser 351/ 3855
September 19, 2003

<u>CERTIFIED MAIL - RETURN RECEIPT REQUESTED</u>

BERMAN O'CONNOR MANN & SHKLOV
ATTN: Michael J. Berman, Esq.
111 Chalan Santo Papa
Hagatna, GU 96910

Dear Mr. Berman:

SUBJECT: CLAIMANTS GEORGE S. HARTMANN AND LINDA M. HARTMANN, OUR CLAIMS 30544, 30544A

This is in reference to the administrative claim filed by you as attorney for George S. Hartmann, Claim 30544, in the amount of $52,786.3 in personal injury, and the related administrative claim filed by you as attorney for Linda M. Hartmann, Claim 30544A, in the total amount of $54,158.20, including $381.84 in property damage and $53,776.36 in personal injury to Ms. Hartmann, arising from a motor vehicle accident on Central Avenue, near Route 8, Tiyan, Guam on April 22, 2001.

The Naval Legal Service Command Guam (the Department of the Navy) did not receive the claim until April 17, 2003. Unfortunately for your clients, you allege that the government driver, Edward Bayron, was an INS employee. The Department of the Navy is not liable for the employees of another Agency. At the time of the incident, INS was part of the Department of Justice. Now, Mr. Bayron's position may be part of the Department of Homeland Security. Neither Agency received the claims within two years of the alleged incident. The statute of limitations, 28 U.S.C. 2401(b), bars the claims against those Agencies.

Accordingly, the administrative claims are denied.

If you choose to file suit, it must be filed in the appropriate U.S. District Court within six months of the date this letter was mailed. Failure to file suit within the six-month period will result in another reason for the claims being forever barred.

Sincerely,

WILLIAM P. HOVELL
Tort Claims Officer